**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-389-JMH

DAVID ALLEN WARD, PLAINTIFF,

VS: **MEMORANDUM OPINION AND ORDER**

LINCOLN COUNTY JAIL, ET AL, DEFENDANTS.

David Allen Ward is incarcerated in the Kentucky State Reformatory ("KSR") which is located in LaGrange, Kentucky. He has submitted a prisoner *pro se* civil rights action, pursuant to 42 U.S.C. § 1983. By separate Order, the Court has granted the plaintiff's motion to proceed *in forma pauperis*.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court may dismiss a case at any time if it determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The named defendants are: (1) the Lincoln County Jail ("LCJ"); (2) David Gooch, Jailer; (3) and individual identified only as "Nurse Brown"; (3) LCJ Deputy Jailer Will Hunkleberry; (4) Dr. James Miller; and (5) Garrard County, Kentucky.

## ALLEGATIONS OF THE COMPLAINT

The complaint consists of: (1) a pre-printed prisoner § 1983 complaint form which he has provided handwritten responses, and (2) a handwritten, twenty-page supplement.[1] Summarized, the plaintiff alleges that at some unspecified point in time, he was confined in the LCJ, located in Stanford, Kentucky.  He claims that while confined there, LCJ staff denied him proper medical care. He further alleges that he was "starved to death" by the LCJ staff and that he was denied proper dietary considerations.[2]  The plaintiff provides no dates as to these alleged actions.  As the plaintiff was most likely a pre-trial detainee while confined at the LCJ, the claims would fall under the Fourteenth Amendment of the United States Constitution.

---

[1] The twenty-page supplement is single-spaced.

[2] If the plaintiff administratively exhausted either if his claims, he provided no easily ascertainable information as to his efforts or the results, if any, of his efforts.

2

In the complaint form, the plaintiff demanded for $150,000.00 in compensatory damages and $150,000.00 in punitive damages [Record No. 2, p. 6].

## DISCUSSION

A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir.1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir.1988). *See* Fed. R. Civ. P. 41(b). While a party is entitled to state his claims and arguments, he must observe a reasonable degree of brevity.

In *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D. N.Y. 1991), the district court in New York aptly described the problem with submissions similar to the plaintiff's 100-plus-page submission. "[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals [Fed. R. Civ. P. 8] and this system and must be dismissed (citations omitted)."

Here, Plaintiff Ward has submitted a single-spaced, twenty-page supplement to his complaint, which reads like a rambling stream of consciousness. The Court would be acting within its rights by dismissing the entire complaint as being in violation of Fed. R. Civ. P. 8(a) and (e). *See Burton v. Peartree*, 326 F. Supp. 755, 758 (E. D. Penn. 1971) ("Burton, proceeding pro se, has filed a lengthy and rambling complaint which contains little more than

3

demands, charges, and conclusions.  The supplement is not a "short and plain statement" of the case and flagrantly violates Fed. R. Civ. P. 8.  On this ground alone the complaint may be dismissed. *Koll v. Wayzata State Bank*, 397 F.2d 124 (8 Cir. 1968), *United States ex rel. Holland v. Maroney*, 299 F. Supp. 262 (W. D. Pa.1969))."

The Court will order the Clerk of the Court to strike the 20-page supplement to the  complaint [Record No. 2-2, pp. 1-20].  The Court will allow the pro se plaintiff to file an Amended Complaint setting forth, in short and concise terms, the relevant information contained in the stricken 20-page supplement.   Plaintiff will be given twenty (20) days from the date of entry of this Order in which to submit an edited Amended Complaint

Plaintiff must **briefly** identify the nature of the claim and the date on which it allegedly arose.  Specifically, he is directed to organize his Amended Complaint as follows:

(1)  Identify and number (#1, #2, #3) each specific incident **and the date on which it occurred**.

(2)  Identify **all defendants** associated with **each** alleged claim.

(3)  Explain the facts of the alleged event in **two short sentences**.

(4)  Identify what right was violated, *i.e.*, Eighth Amendment, Fifth Amendment.

(5)  Identify **the date** on which each separate claim occurred.

(6)  Identify the specific exhaustion efforts employed

regarding **each specific claim listed in ¶ 1-5** and state the **date** on which each and every exhaustion effort was undertaken, **AND** the result of each step of the exhaustion process.

(7)  The Plaintiff should submit the information in **double-spaced format.**

(8)  The Amended Complaint should be no more than **four** (4) pages long.

**The plaintiff is directed to refrain from engaging in commentary about his subjective thoughts as to how and why his claims arose.  The Court will not consider such extraneous material**.  The plaintiff is instructed to strictly observe all of the limitations listed herein and to comply with Fed. R. Civ. P. 8 (a) and (e).  Failure to do so will result in the Court disregarding any filing which does not comply with this Order and considering only the responses contained in the pre-printed section of the Complaint [Record No. 2, pp.1-6].

## CONCLUSION

Accordingly,

It is **ORDERED** as follows:

(1)  The Clerk is directed to **STRIKE** the 20-page supplement to the complaint [Record No. 2-2, pp. 1-20].

(2)   The plaintiff is granted twenty (20) days from the date of entry of this Order in which to submit an edited, Amended Complaint organized in the following manner:

(A)  Identify and number (#1, #2, #3) each specific incident **and the date on which it occurred.**

(B)  Identify **all defendants** associated with **each**

5

alleged claim.

(C) Explain the facts of the alleged event in **two short sentences**.

(D) Identify what right was violated, *i.e.*, Eighth Amendment, Fifth Amendment, if able to do so.

(E) Identify **the date** on which each separate claim occurred.

(F) Identify the specific exhaustion efforts employed regarding **each specific claim listed in ¶ A-E** and state the **date** on which each and every exhaustion effort was undertaken, **AND** the result of each step of the exhaustion process.

(G) The plaintiff should submit the information in **double-spaced format.**

(H) The Amended Complaint should be no more than **four** (4) pages long.

(3) Failure to take the above steps will result in the Court disregarding any filing which does not comply with this Order and considering only the responses contained in the pre-printed section of the Complaint [Record No. 2, pp.1-6].

This the 29th day of November, 2007.



**Signed By:**

*Joseph M. Hood*

**Senior U.S. District Judge**

Case: 5:07-cv-00389-JMH-HAI Doc #: 5 Filed: 11/29/07 Page: 7 of 7 - Page ID#: 48