```
              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 07-CV-389-JMH

DAVID ALLEN WARD,                                         PLAINTIFF,

VS:              **MEMORANDUM OPINION AND ORDER**

LINCOLN COUNTY JAIL, ET AL.,                              DEFENDANTS.

David Allen Ward, the *pro se* plaintiff, is incarcerated in the Kentucky State Reformatory ("KSR") which is located in LaGrange, Kentucky. Ward has filed a civil complaint asserting claims under 42 U.S.C. § 1983.[1]

The Court screens civil rights complaints pursuant to 28 U.S.C. §§ 1915 and 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss a case at any time if the

---

[1] Because the plaintiff's originally filed complaint [Record No. 2] did not comply with Fed. R. Civ. P. 8, the Court determined that it should be stricken from the record [*See* Order, 11/29/07, Record No. 5]. In that Order, the Court allowed the plaintiff to file a shorter, more concise Amended Complaint which complied with Rule 8 [*Id.*]. The plaintiff was then allowed an extension of time in which to file his Amended Complaint [*See* Order, 1/2/08, Record No. 7]. On January 15, 2008, the plaintiff filed an Amended Complaint [Record No. 8].

court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANT

The plaintiff names the following defendants: (1) the Lincoln County Jail ("LCJ") which is located in Stanford, Kentucky; (2) David Gooch, the Jailer of the LCJ; (3) "Nurse Brown," of the LCJ; (4) Will Hunkleberry, Deputy Jailer of the LCJ; (5) Dr. James Miller; and (6) Garrard County, Kentucky.

## CLAIMS ASSERTED AND RELIEF SOUGHT

The plaintiff alleges that the LCJ staff denied him adequate amounts of food and caused him to be assaulted by another inmate. These claims would fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Plaintiff seeks no specific relief in the Amended Complaint.

## ALLEGATIONS OF THE COMPLAINT

In his Amended Complaint, the plaintiff challenged two conditions of his confinement at the LCJ, where he was previously confined during 2006. First, the plaintiff alleges that between March, 2006 and November 11, 2006, the staff at the LCJ refused to provide him with sufficient amounts of food, and/or a specific diet, which he states he was under medical orders to receive. He alleges that LCJ staff also refused to provide him with servings of Ensure, a dietary supplement which he states that he was under medical orders to take. He alleges that he lost over seventy (70) pounds in 2006 while confined in the LCJ .

Second, the plaintiff alleges that on or around November 11,

2

2006, Deputy Jailer Will Hunkleberry placed him in "the hole" at the LCJ as punishment for stealing mashed potatoes. Plaintiff alleges that while he was confined in "the hole," he was physically assaulted by another inmate, and that as a result, he sustained bodily injuries.

## DISCUSSION

There are two reasons why the instant § 1983 complaint must be dismissed.

### 1. Failure to Specify Relief Sought

The plaintiff seeks no specific relief in his Amended Complaint. The *pro se* plaintiff states his version of the events, but he did not inform the Court whether he seeks damages or injunctive relief.

*Pro se* litigants are to be held to less stringent standards than trained lawyers. While a *pro se* complaint is to be given generous construction, "the principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475 89 L. Ed.2d 729 (1986). In discussing the most basic requirement of *pro se* complaints, the *Beaudett* court opined as follows:

> *Gordon* [*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)] directs district courts to construe *pro se* complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District Judges are not mind readers.

*Beaudett*, at 1278.

Fed. R. Civ. P. 8(a)(3) requires that a complaint contain "a

3

demand for judgment for the relief the pleader seeks." *Id.* In *Gill v. Tillman*, 2001 WL 395051 (S.D. Ala. 2001), the *pro se* plaintiff's requested relief in his complaint was: "Relief to be determined as the case proceeds." The district court ruled that this relief failed to constitute a demand for judgment in compliance with Fed. R. Civ. P. 8(a)(3) and that, consequently, the plaintiff's complaint failed to state a claim upon which relief could be granted.

*Tillman* relied on *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993). In finding the plaintiff's central complaint was deficient and violated Rule 8(a)(3)'s requirement that the complaint contain a demand for judgment, *Goldsmith* stated as follows:

> ("[Rule 8(a)(3)'s] requirement is not arduous--any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." (quoting 5 Charles A. Wright & Arthur Miller, Federal Practice § 1255 at 366 (2d ed. 1990))).

*Goldsmith* at 1161. Failure to demand any form of relief justifies dismissal without prejudice. *See also Player v. Phoenix*, 1992 WL 350780 at *1 (S.D. N.Y. Nov. 13, 1992) (unpublished) (action dismissed *sua sponte* for failure to state claim due to the lack of demand for judgment in the amended complaint); and *Dupree v. Lubbock County Jail*, 805 F. Supp. 20, 21 (N.D. Tex. 1992) (action dismissed *sua sponte* for failure to state a claim because no demand for judgment set forth in complaint).

For this reason alone, the complaint should be dismissed without prejudice for failure to specify any form of relief.

4

2. <u>Statue of Limitations Bars Claims</u>

The complaint suffers from another defect which requires dismissal *with* prejudice. The claims are barred by the applicable statute of limitations. Federal courts sitting in Kentucky "borrow" Kentucky's one-year statute of limitations for personal injury claims, K.R.S. § 413.140(1), for constitutional claims asserted under 42 U.S.C. § 1983, *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990), and under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (citing *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987)).

Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Bagley v. C.M.C. Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986).

The plaintiff complains about the alleged denial of food and dietary supplements between March, 2006 and November 11, 1006. Plaintiff also alleges that Deputy Jailer Hunkleberry caused him to be placed in "the hole" on or about November 11, 2006, which action he alleges resulted in him being physically assaulted at the hands of another inmate.

The claim alleging the denial of food and supplements, and the claim relating to the negligent and/or intentional placement in "the hole," occurred between March 2006 and November 11, 2006. The

applicable statute of limitations period for both of these claims expired on November 11, 2006. Kentucky's statute of limitations bars Plaintiff Ward's claims because they were not brought in a complaint filed on or before November 11, 2006. Ward did not file this complaint until November 21, 2007 over a year after the last alleged event occurred.

Accordingly, Plaintiff's complaint will be dismissed *sua sponte* as barred by the statute of limitations. *Stimac v. Bostick*, 7 F.3d 235, 1993 WL 384999 (6th Cir. 1993) (unpublished disposition) (where claims in complaint are self-evidently barred by statute of limitations, complaint properly dismissed); *Martin v. Wigginton*, 999 F.2d 540 (6th Cir. 1993) (same); *Mercer v. Lexington Fayette Urban County Government*, 52 F.3d 325, 1995 WL 222178 (6th Cir. 1995) (unpublished disposition).

The instant complaint fails to state a claim upon which relief can be granted and will be dismissed with prejudice under 28 U.S.C. § 1915(e).

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1) This action [07-CV-389-JMH] is **DISMISSED WITH PREJUDICE** from the docket of the Court;

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This the 12th day of March, 2008.

6



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge