UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-389-JMH

DAVID ALLEN WARD PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

LINCOLN COUNTY JAIL, ET AL. DEFENDANTS

Plaintiff David Allen Ward is incarcerated in the Kentucky State Reformatory ("KSR") which is located in LaGrange, Kentucky. Ward is proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983.

PROCEDURAL HISTORY

On November 21, 2007, Ward filed the instant civil rights complaint asserting claims arising under the Eighth Amendment of the United States Constitution [Record No. 2].[1] In his subsequently filed Amended Complaint [Record No. 8], Ward alleged that he had been denied adequate amounts of food and dietary supplements at the Lincoln County Jail ("LCJ") for several months during 2006, prior to his transfer to the KSR on December 28, 2006.

On March 12, 2008, the Court entered a Memorandum Opinion and Order, and Judgment, dismissing this action for failure to state a

1 The Court notes that the originally filed complaint [Record No. 2] was stricken from the record on November 29, 2007 [*See* Order, Record No. 5]. The Court determined that the originally filed complaint violated the "short and plain statement" pleading requirement of Fed. R. Civ. P. 8(a) and (e) [*Id*.].

claim upon which relief could be granted [Record Nos. 9 and 10]. Summarized, the Court dismissed the amended complaint for two reasons: (1) the plaintiff had demanded no specific form of relief [Record No. 9, pp. 3-4 ]; and (2) the claims were time-barred under KRS § 413.140(1), Kentucky's one year statute of limitations for personal injury claims. [*Id*., pp. 5-6].

On March 21, 2008, the plaintiff filed a "Motion to Alter or Amend Judgment" [Record No. 11]. He argued that some of his § 1983 claims (those which he argues accrued after November 21, 2006), were not barred by the Kentucky statute of limitations.

On April 3, 2008, the Court entered an Order which partially re-opened this proceeding [Record No. 12]. The Court stated that it would review and consider the Amended Complaint [Record No. 8] **only** with respect to those only claims alleged to have occurred at the Lincoln County Jail between **November 22, 2006 and December 28, 2006**. Ward was given additional time in which to produce documentation that he administratively exhausted claims related to that specific period of time [*See* Orders, Record No. 12 [4/3/08] and Record No. 14 [5/5/08].

DISCUSSION

1. Claims Against the Garrard County, Kentucky and the Lincoln County Jail

Ward has named the "Lincoln County Jail" and "Garrard County, Kentucky," as defendants. The "Lincoln County Jail" is not a "person" subject to suit under § 1983, because municipal

departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.,* No. 99-6706, 2000 U.S.App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Ward's claims against this entity will be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

As for Defendant Garrard County, Kentucky, in *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court "conclude[d] that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory." *Id*. at 691. *Monell* holds that there must be a direct causal link between a county policy and the alleged constitutional violation such that the county's deliberate conduct can be deemed the moving force behind the violation. *Id*.

In order "[t]o establish municipal liability pursuant to §1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making

channels.'"*Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003) (quoting *Monell*, 436 U.S. at 690-91), *cert*. *denied*, 541 U.S. 1041 (2004). *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986) ("A municipality may be held liable under §1983 for a rights violation when either the municipality had an unlawful policy or practice that caused the rights violation, or a municipal 'policymaker' directly caused the rights violation.").

Ward has not asserted a valid claim against "Garrard County, Kentucky" and/or its governing body, presumably the Garrard County Fiscal Court. Likewise, Ward has not asserted a valid claim against the "Lincoln County Jail," and/or its governing body, presumably the Lincoln County Fiscal Court.

Plaintiff Ward has alleged that specific LCJ jail employees violated his rights guaranteed under the Eighth Amendment, but he has not alleged that *either* county's Fiscal Court had a *policy or custom* in place which violated his rights. A plaintiff asserting a § 1983 claim on the basis of custom or policy must identify the policy, connect the policy to the municipality itself, and show that the his injury was incurred because of the execution of that policy. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004).

The claims against "Garrard County, Kentucky" and/or its Fiscal Court, and the "Lincoln County Jail," and/or the Lincoln County Fiscal Court, will therefore be dismissed with prejudice for

failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). The Clerk of the Court will be instructed to note that the claims against these entities are "Terminated."

3. Claims Against Individually Named Defendants

Ward has asserted Eighth Amendment claims against: (1) David Gooch, the Jailer of the LCJ; (2) "Nurse Brown," of the LCJ; (3) Will Hunkleberry, Deputy Jailer of the LCJ; and (4) Dr. James Miller. The plaintiff has produced nothing definitive in the way of administrative exhaustion relative to his Eighth Amendment claim(s) alleged to have arisen between November 22, 2006 and December 28, 2006, despite being given time in which to produce any and all such documentation. Nevertheless, in light of *Jones v. Bock*, 127 S.Ct. 910, 913-15 (2007), the Court will order the individually named defendants to respond to the plaintiff's claims, and if pertinent, the issue of exhaustion. These defendants will be required to respond in their individual capacities, only.

Suits for monetary damages against state officials in their official capacity are precluded by the Eleventh Amendment. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L. Ed.2d 45 (1989). Any construed claims against these defendants, in their official capacities, will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The plaintiff has filed various other motions, seeking relief

from judgment and/or status reports [*See* Motions, Record Nos. 17, 19 and 20]. The plaintiff has already obtained relief from the Judgment entered on March 12, 2008. This Order sets forth the status of this action. Based upon the instructions contained in this Order, all of these motions will be denied as moot.

CONCLUSION

Accordingly, **IT IS SO ORDERED**:

(1) Plaintiff David Allen Ward's "Motion to Amend/Correct Order" [Record No. 16] is **DENIED** as **MOOT**.

(2) Plaintiff David Allen Ward's "Second Motion in the Same Month to Alter or Amend Judgment" [Record No. 17] is **DENIED** as **MOOT**.

(3) Plaintiff David Allen Ward's "Motion for Status Report"[Record No. 18] is **DENIED** as **MOOT**.

(4) The plaintiff's claims against the "Lincoln County Jail" and "Garrard County, Kentucky," are **DISMISSED WITH PREJUDICE**. The Clerk is directed to note in the CM/ECF docket sheet that the claims against these defendants are "Terminated."

(5) The plaintiff's Eighth Amendment claims against: (A) David Gooch, the Jailer of the LCJ; (B) "Nurse Brown"; (C) Will Hunkleberry, the Deputy Jailer of the LCJ; and (D) Dr. James Miller, in their official capacities, are **DISMISSED WITH PREJUDICE.** The Clerk is directed to note

in the CM/ECF docket sheet that the *official* capacity claims against these defendants are "terminated."

(6) The Clerk of the Court is directed to issue summonses for the following defendants, in their individual capacities: (A) David Gooch, the Jailer of the Lincoln County Jail (B) "Nurse Brown"of the Lincoln County Jail; (C) Will Hunkleberry, the Deputy Jailer of the Lincoln County Jail; and (D) Dr. James Miller of the Lincoln County Jail.

(7) The Lexington Clerk's Office shall prepare as many copies of the Complaint [Record No. 2] and Amended Complaint [Record No. 8] **and** copies of this Order as there are summonses issued and complete the requisite number of the United States Marshals' Office ("USM") Form(s) 285.

(a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding the defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(b) The Lexington Clerk's Office shall forward to the USM by hand delivery the following documents: (1) the summons issued; (2) the requisite number of USM

Forms 285; (3) the requisite number of Complaint and Amended Complaint copies [Record Nos. 2 and 8]; (4) the requisite number of copies of this Order; and (5) any other documents necessary to effectuate service.

(c) The Lexington Deputy Clerk making the delivery of the summons and copies to the USM shall obtain from that office a receipt for the documents, which receipt shall be entered into the instant record by the Clerk.

(d) The USM shall serve the documents specified in the preceding paragraph of this Order on the defendant to this action; service to be made by certified mail, return receipt requested, or by personal service at the option of the USM.

(8) Within 40 days of the date of entry of this Order, the USM shall send a Service Report to the Lexington Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished.

a. For each defendant to be personally served, the Service Report shall indicate:

(1). that the defendant was successfully served personally; or

(2). a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

b. For each defendant who was to receive copies to be served by registered or certified mail, the Service Report shall include:

(1). the green mail receipt card showing proof of service; or

(2). a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

(9) The USM Office is responsible for ensuring that each defendant is personally served with process. In the event that an attempt at personal service upon the defendant is unsuccessful, the USM Office shall make further attempts or pursue other such information as is necessary to ensure successful service.

(10) The Lexington Clerk is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

(11) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case.**

(12) For every further pleading or other document he wishes to submit to the Court for consideration, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of

the pleading or other document. **The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.**

(13) **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This the 9th day of February, 2009.




**Signed By:**
***Joseph M. Hood***
**Senior U.S. District Judge**