UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 07-CV-389-JMH

DAVID ALLEN WARD,                                                    PLAINTIFF,

VS:                     **MEMORANDUM OPINION AND ORDER**

LINCOLN COUNTY JAIL, ET AL.,                                       DEFENDANTS.

Currently before the Court for consideration are the following pleadings:

(1) The "Motion to Dismiss,"[Record No. 28] filed by counsel for Defendant James Miller, M.D.;

(2) The "Motion to Alter or Amend Judgment and/or Relief from Judgment entered on March 12, 2008" [Record No. 31] filed by Plaintiff David Allen Ward; and

(3) The "Motions to Alter or Amend Judgment and/or Relief from Judgment [Record Nos. 32 and 33] filed by Plaintiff David Allen Ward, which the Court has construed as "Responses" to Dr. James Miller's "Motion to Dismiss."[1]

For the reasons set forth in this Memorandum, Opinion and Order, the Court will grant Dr. Miller's "Motion to Dismiss"[Record

---

[1] Ward filed other motions [Record Nos. 30 and 34-38]. Ward sought: (1) an Order to obtain and file medical records from his physician, Dr. Draper of Nicholasville, Kentucky; (2) an Order granting extension of time in which to locate a new witness; (3) an Order to obtain employee records; and (4) an Order appointing him counsel. Due to space considerations, the Court will address these procedural motions in a separate Order.

No. 28]. The Court will dismiss, with prejudice, all of the Eighth Amendment "deliberate indifference" claims asserted against Dr. Miller.

**PROCEDURAL HISTORY**

**1. Events prior to February 9, 2009**

In the Memorandum, Opinion and Order entered on February 9, 2009 ("the February 9, 2009 Order"), the Court summarized the activity in this proceeding which transpired between the filing of this action on November 21, 2007, and February 9, 2009 [*See* Record No. 21]. Although a detailed recitation of the facts is not required again in this Order, one significant event requires mention. On April 3, 2008, the Court entered a Memorandum Opinion and Order ("the April 3, 2008 Order") which: (1) set aside the previous March 12, 2008 Order and Judgment dismissing Ward's entire 42 U.S.C. § 1983 civil rights complaint, and (2) allowed specific Eighth Amendment claims, arising between November 22, 2006 and December 28, 2006, to proceed past the initial screening stage [*See Id.*, Record No.12].

**2. February 9, 2009 Order [Record No. 21]**

In the February 9, 2009 Order, the Court addressed the specific re-opened claims, and various other motions filed by Ward [Record Nos. 16-18]. Two of the motions were requests to "amend or correct" the March 12, 2008 Order and Judgment dismissing the entire complaint. The Court denied both of those motions as moot,

explaining that the April 3, 2008, Order set aside, "amended" and "corrected" the March 12, 2008 Orders. [*See* February 9, 2009 Order, Record No. 21, pp. 5-6] The Court further also denied Ward's request for a "status report," noting that the February 9, 2009 Order constituted a "status report" [*Id.*, p. 6].[2]

In the February 9, 2009 Order, the Court dismissed, with prejudice, Ward's claims against the "Lincoln County Jail" and "Garrard County, Kentucky" [*Id.*, pp. 2-5]. The Court explained that under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), liability could not be imposed on those entities absent evidence of an unconstitutional policy [*Id.*]

Citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989), the Court also dismissed with prejudice any construed official capacity claims against David Gooch, the Jailer of the LCJ; Nurse Brown; Will Hunkleberry, Deputy Jailer of the LCJ; and Dr. James Miller [*Id.* p.5]. The Court noted that claims seeking money damages against state officials in their *official* capacity are precluded by the Eleventh Amendment. The Court then ordered summons to issue with respect to the Eighth Amendment *individual capacity* claims asserted against the individually named defendants.

---

[2] On February 17, 2009, the Court entered a subsequent Order [Record No. 23]. That Order clarified that Ward's motions filed as Record Nos. 19 and 20 (seeking status report and relief from Judgment) were rendered moot by entry of the February 9, 2009 Order.

3

**3. Dr. James Miller's "Motion to Dismiss" [Record No. 28]**

Through counsel, Defendant James Miller, M.D. seeks dismissal of the claims which Plaintiff Ward has asserted against him. Dr. Miller advances three arguments: (1) that Ward's claims were time-barred; (2) that Ward failed to allege that he (Dr. Miller) had been deliberately indifferent to Plaintiff's serious medical needs and (3) that qualified immunity barred the Plaintiff's Eighth Amendment claims against him. Alternatively, Dr. Miller asked the Court to order Plaintiff Ward to file a more definite statement of his claims.

Dr. Miller alleges the following facts. The one and only date on which he examined Plaintiff Ward was March 1, 2006 [Record No. 28, p.3]. He was never asked to examine Ward after March 1, 2006. [*Id.*, p.3]. On that date, Plaintiff reported a history of stomach problems and stated that he normally treated with a Dr. Napier in Nicholasville [*Id*]. Ward complained of chronic pain and anxiety and asked for a refill of his prescriptions, including the drug Lortab, even though he was not out of medicines at that time [*Id*].

Ward did not complain about inadequate nutrition or hydration and he did not request any dietary supplements [*Id.*, p. 5]. Miller's counsel argues that "There is no indication that Plaintiff was starving or that Dr. Miller wantonly disregarded that complaint." [*Id.*].

First, Dr. Miller argues that because the scope of this action

has been limited only to individual capacity Eighth Amendment claims which rose between November 22, 2006 and December 28, 2006, any claims against him would be time-barred. In making this argument, Dr. Miller relies on several federal cases which have applied KRS 413.140(1)(a), Kentucky's one-year statute of limitations, to civil rights claims asserted under 42 U.S.C. § 1983.[3]

On the merits, Dr. Miller argues that Plaintiff Ward has not established an Eighth Amendment claim of deliberate indifference to his serious medical needs. Dr. Miller states that in order to state this cause of action, a plaintiff must satisfy a two-part test: the objective requirement (serious medical need) and the subjective requirement (knowledge of risk and wanton disregard thereof) outlined in *Estelle v. Gamble*, 429 U.S. 97, 96 S.Ct. 285 (1976) and *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). Dr. Miller argues that Ward has failed to satisfy either prong of the inquiry.

Dr. Miller described Ward's claims against him as confusing and unclear. His interpretation was that while confined in the Lincoln County Jail, Ward was not provided with adequate food portions. As to that construed claim, Dr. Miller responded that he did not select the jail's menu for prisoners and that jail

---

[3] Dr. Miller cited *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)(discussing *Owens v. Okure*, 488 U.S. 235 (1989)) and *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L. Ed.2d 254 (1985).

5

officials did not ask him to provide dietary recommendations.

To the extent that the March 1, 2006,examination could be considered the basis for the claim, Dr. Miller argued that Ward's dissatisfaction with his medical advice of that date did not qualify as an Eighth Amendment violation. Dr. Miller cited *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976) which holds that where a plaintiff alleges deliberate indifference to his serious medical needs, but disagrees with the doctor as to diagnosis and treatment, there is no Eighth Amendment violation. *Westlake*, 537 F.2d at 860 at n. 5.

Third and finally, Dr. Miller argues that he enjoys qualified immunity from Ward's claims. He asserts that under both old and recent Supreme Court case law on the issue, he did not violate Ward's clearly established constitutional or statutory rights. He further argues that Ward did not allege sufficient facts that, if proven, would indicate that his actions were objectively unreasonable in light of established rights.

**4. Ward's Motions/Construed Responses [Record Nos. 31-33]**

Ward has filed three separate motions, all of which he entitled as "Motion to Alter or Amend Judgment." Despite the labeling, only one of these submissions, Record No. 31, is actually a motion in which Ward seeks to have a specific Judgment altered or amended. In that submission, Ward asks the Court to alter or amend the "Judgment enter in this case on the 10th of March 2009 and or

6

move the Court to relieve the Plaintiff of this Court's Order dismissing his cause of action based on the Not Stated Relief in the original complaint" [Record No. 31, p.1]. In the remainder of the filing, Ward alleges that the conditions at the Lincoln County Jail were "inhumane" [*Id.*, p.2].

In the other two "Motions to Alter or Amend," Ward did not state what he wanted altered or amended. Instead, Ward reiterated the details of his stomach problems and weight loss problems, his battle with Gastro Esophageal Reflux Disease ("GERD"), his inability to eat solid food over the years, and recommendations from doctors at the University of Kentucky Medical Center as to surgical options. Ward re-stated his allegations that the staff at the Lincoln County Jail denied him the dietary supplement "Ensure," (which he incorrectly identified as "Insure") and refused to regularly administer his medication(s). He emphasized that due to his GERD condition, he could not digest solid food and that Ensure was his only form of sustenance. He reiterated that Nurse Brown did not attend to his dietary, nutritional and medical needs.

In all three of his "Motions to Alter or Amend," Ward disputed Dr. Miller's statement that he examined Ward only one time, on March 1, 2006. Ward stated as follows:

> "The medical care was so bad for the plaintiff in the jail with <u>Dr. Miller and Nurse Brown</u> would not do much of anything to help the plaintiff with his medical problems and getting the Insure the plaintiff needed; it was not for his wife to take care of the plaintiff."

7

[Record No. 32, p. 4 (Underline in original)].

> "And Dr, Miller said the plaintiff David Allen Ward had only one appointment. The plaintiff is sure he had more apts/ than one. **If Dr. Miller was not responsible for the plaintiff medical needs from 3-1-06 to 9-18-06 why would Nurse Brown tell the plaintiff . . .that she would have to get his O.K. If Dr. Miller was not responsible for the plaintiff's medical needs then who was responsible for the plaintiff's medical needs**. . . ."

[Record No. 31, p. 3 (Emphasis Added)].

> "1. The plaintiff would like to know way {sic} Nurse Brown and Dr. Miller did not do anything to help the plaintiff.
>
> 2. **If Dr. Miller only seen the plaintiff one between March and November, who was giving all the order to the jail and Nurse Brown**.
>
> 3. According to Nurse Brown and the jail Dr. Miller was giving all the order on how to treat the plaintiff."

[Record No. 33, p.2 (Emphasis Added)]; and finally:

> "If Dr. Miller and the Nurse was a real Nurse and a Doctor what would have notice the plaintiff weight loss and would have done something to help."

[*Id.*, p.3].

## DISCUSSION

### 1. Standards for Summary Judgment Motion

Federal Rule of Civil Procedure 12(b)(6) provides for a defendant to move for dismissal for a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims, if

8

the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

Summary judgment should be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2007). The evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* 522 U.S. 967 (1997).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

9

The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex*, 477 U.S. at 324-25. After the moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-moving party completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial. *Id.* at 322-23. With these standards in mind, the Court turns its attention to the "Motion for Summary Judgment."

### 2. Motion Filed as Record No. 31 is Moot

In this Motion, Ward asks the Court to alter or amend the Judgment entered on March 10, <u>2009</u>. Ward apparently confused the dates. No Order was entered in this case on or about March 10, 2009. Most likely, Ward is referring to the Memorandum, Opinion and Order, and Judgment, entered a year before, on March 12, <u>2008</u> [*See* Record Nos. 8 and 9].

Assuming that Ward refers to Record Nos. 9 and 10, he ignores the fact that over a year ago, the Court altered and amended the March 12, 2008 Memorandum, Opinion and Order, and Judgment dismissing the entire case. The Court previously took this action when it entered the April 3, 2008 Order, which **set aside** the March 12, 2008, dismissal of the case and allowed the claims between

November 22, 2006 and December 26, 2006 to proceed. As set forth in the February 9, 2009 Order, summonses were ordered to be served on all of the individually named defendants. Accordingly, Ward's motion seeking relief on this issue will be denied as moot.

### 3. No Eighth Amendment Claim Against Dr. Miller

#### A. Requirements of Medical Deliberate Indifference Claim

The Eighth Amendment contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991). "The test to determine whether [a defendant] acted with 'deliberate indifference' has an objective and subjective component." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The objective component requires the existence of a "sufficiently serious medical need." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). The subjective component requires a plaintiff to show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety, which is to say the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)) (internal quotation marks omitted).

Deliberate indifference is the reckless disregard of a

11

substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835-36. Deliberate indifference has also been defined as "more than mere negligence, but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Foy v. City of Berea*, 58 F.3d 227, 232 (6th Cir. 1995) (quoting *Farmer v. Brennan*).

### B. Application of Facts to the Legal Requirements

In general and ambiguous terms, Plaintiff Ward disputes Dr. Miller's statement that he treated him only on one occasion, March 1, 2006. Ward could not provide the Court either the dates, or the even the approximate dates, of the other examinations or sessions which he claims he received treatment from Dr. Miller. Ward appeared to question his own conclusions by twice asking the Court to identify the person responsible for his medical care between March 2006 and November of 2006, if it was not Dr. Miller [Record Nos. 32 and 33].

Dr. Miller maintains that he treated Plaintiff Ward on only one occasion, March 1, 2006. He disclaims any involvement in the jail's dietary offerings to inmates. Given those claims, and Plaintiff Ward's own uncertain, vague and conclusory statements as to the duration of Dr. Miller's involvement in his medical care, it is extremely questionable whether Dr. Miller could be held liable for an Eighth Amendment claim of deliberate indifference to a serious medical need. Ward's *only* substantive response linking Dr.

Miller to involvement in his medical care, past March 1, 2006, was his assertion that Nurse Brown told him that Dr. Miller was in charge of making decisions about his (Ward's) medical treatment.

Ward's claims against Dr. Miller can be broken down into two time periods: (1) March of 2006 to November 21, 2006, and (2) November 22, 2006 to December 28, 2006. Both sets of claims suffer from fatal defects. First, as Dr. Miller points out, in the April 3, 2008 Order, the Court specifically limited the scope of this Eighth Amendment action to medical claims alleged to have arisen between November 22, 2006 and December 26, 2006. In not one but <u>two</u> motions which Ward recently filed, he identified Dr. Miller's involvement in his medical care as having occurred between March of 2006 and November of 2006 [Record Nos. 32 and 33].

Ward did not file this action until November 21, 2007. Even if Ward's dubious claims are accepted as true, the statute of limitations would clearly bar any and all medical claims against Dr. Miller which would have arisen between March of 2006 and November 21, 2006. Dr. Miller correctly notes that Kentucky's one-year statute of limitation, KRS 413.140(1)(a), applies to civil rights claims asserted under 42 U.S.C. § 1983. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) and *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985).

Second, the alleged medical "deliberate indifference" claims which arose between November 21, 2006 and December 26, 2006, lack

13

any substance when considered against Ward's own narrative of events.[4] For the facts relevant to that specific period of time, the Court refers to two pleadings: (1) Ward's January 15, 2008 "Amended Complaint" [Record No. 8] and (2) Ward's March 21, 2008 "Motion to Alter or Amend Judgment" [Record No. 11]. In both filings, Ward explained the allegedly deficient medical care he received in late November - early December of 2006. Ward stated as follows:

> "The Jailer and its Nurse Brown finally got me to the Doctor for him to look at me for the beating I took and I got him to put me back on me {sic} diet and he told the jail to put me back on last of Nov 11-06."

[Record No. 8, p.4, ¶ 7(E)].

> "When I got to see the doctor in at the first of December I got my diet back and they would not gave {sic} it back to me. I went through the last three weeks of being sick and throw {sic} up the wrong food."

[Record No. 8, p.5, ¶ 9 (A); *See also*, Record No. 11-2, p.1].

In this statement, the blame which Ward assigns for the denial of his Ensure dietary supplement lies <u>solely</u> at the feet of Lincoln County Jail Officials, **not** with the unnamed physician who examined him in late November or early December of 2006, whether it was Dr. Miller or some other physician. In each following paragraph of his "Amended Complaint," Ward stated that the unidentified doctor took the proper action by ordering that his diet be reinstated, but that

---

[4] Ward was transferred from the Lincoln County jail on or about December 28, 2006.

14

the **jail officials** refused to administer the product to him as directed [*See* Record No. 8, p. 5, ¶ 10]. Thus, Ward's claims lie with the Lincoln County Jail defendants.

When a plaintiff generally alleges that he has been deprived of rights, privileges secured by the federal Constitution and/or laws and/or amendment thereto, but the plaintiff fails to identify the substance of the alleged deprivation, his conclusory statements are insufficient under § 1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994)(citing *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Based on Ward's own description of the relevant events, Ward has failed to state an Eighth Amendment claim of "deliberate indifference" against Dr. Miller. All claims against him will be dismissed with prejudice, under Fed. R. Civ. P. 12(b)(6).

### CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1) The "Motion to Dismiss" [Record No. 28] filed by counsel for Defendant James Miller, M.D., is **GRANTED.**

(2) Plaintiff David Allen Ward's Eighth Amendment medical claims against Defendant James Miller, M.D. are **DISMISSED WITH PREJUDICE**. The Clerk is directed to note in the CM/ECF docket sheet that the claims against this

>  defendant are "Terminated."

(3) The "Motion to Alter or Amend Judgment and/or Relief from Judgment entered on March 12, 2008" [Record No. 31], filed by Plaintiff David Allen Ward, is **DENIED as MOOT**.

(4) The "Motions to Alter or Amend Judgment and/or Relief from Judgment [Record Nos. 32 and 33] filed by Plaintiff David Allen Ward, which the Court has also construed as "Responses" to Dr. James Miller's "Motion to Dismiss," are both **DENIED**.

This the 30th day of June, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

16