```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

DAVID ALLEN WARD,             )
                              )
    Plaintiff,                ) Civil Action No. 07-CV-389-JMH
                              )
v.                            )
                              )
LINCOLN COUNTY JAIL, et al.,  )  **MEMORANDUM OPINION AND ORDER**
                              )
    Defendant.                )

                     **    **    **    **    **

This matter is before the Court on Plaintiff David Allen Ward's Motion for Reconsideration [Record No. 42]. Defendant Dr. James Miller has filed a response and the time for a reply has lapsed. The motion is now ripe for decision and the Court, being fully advised, will deny Ward's motion.

**I. BACKGROUND**

The factual and procedural background of this case was described in detail in the Court's Memorandum Opinion and Order [Record No. 39] and Miller's Response [Record No. 55] and does not warrant repetition here.

**II. STANDARD OF REVIEW**

Fed. R. Civ. P. 54(b) provides "that in the absence of a direction to enter judgment on one of several claims presented in an action, 'any order . . . which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claim.'" *Huss v. King*

*Co.,* 338 F.3d 647, 651 n.4 (6th Cir. 2003) (citing Fed. R. Civ. P. 54(b)). Prior to the entry of a final judgment, this Court has the inherent power to reconsider any portion of its previously entered interlocutory orders. *Marconi Wireless Tel. Co. of Am. v. United States,* 320 U.S. 1, 47-48 (1943); *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998).

**III. DISCUSSION**

The Court granted Dr. Miller's motion to dismiss [Record No. 28] in its Memorandum Opinion and Order dated June 30, 2009 [Record No. 39]. In that Memorandum Opinion and Order, the undersigned found that the one year statute of limitations in KRS 413.140(1)(a) applied to Ward's claims against Dr. Miller and, thus, barred the claims. Additionally, the Court found that Ward's medical "deliberate indifference" claims against Dr. Miller lacked substance.

Ward has not argued or demonstrated that there has been a change in controlling law, newly discovered evidence that was previously unavailable even with due diligence, or a need to

2

correct a clear error or to prevent a manifest injustice which would warrant reconsideration of the motion to dismiss. *Id.* Ward's motion for reconsideration focuses solely on the alleged problems and indignities he suffered at the Lincoln County Jail and does not set forth any additional evidence to support his claims against Dr. Miller.

Ward essentially attempts to re-argue his case in his motion for reconsideration, citing the medical problems he encountered while incarcerated at the Lincoln County Jail. The undersigned read and considered this evidence when the undersigned ruled on the motion to dismiss and Ward's responses to that motion. Ward has not offered any justification, such as a change in controlling law or to prevent a manifest injustice, for reconsideration of that same evidence now.

**IV. CONCLUSION**

Accordingly, **IT IS ORDERED** that Plaintiff's motion for reconsideration [Record No. 49] be, and the same hereby is, **DENIED**.

This the 23rd day of February, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge