UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| DAVID ALLEN WARD, | ) |
| | ) |
| | ) Civil Action No. 5:07-CV-389-JMH |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| DAVID GOOCH, Jailer of the | ) |
| Lincoln County Jail; "NURSE | ) |
| BROWN," in her capacity as a | ) |
| nurse at the Lincoln County | ) |
| Jail; "DEPUTY WILL | ) |
| FALCONBERRY," of the Lincoln | ) |
| County Jail; and "JAIL DOCTOR | ) |
| JAMES MILLER," | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

** ** ** ** **

This action is before the Court on Defendants David Gooch, Jailer of the Lincoln County Jail, "Nurse Brown" and "Deputy Will Falconberry's" Motion for Summary Judgment. [Record No. 106]. Prisoner *pro se* Plaintiff has responded through multiple pleadings. [Record No. 123-25]. Defendants have submitted a timely Reply. [Record No. 126]. This motion is ripe for decision.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

David Allen Ward, a prisoner *pro se* plaintiff, filed a civil rights complaint alleging violations of the Eighth Amendment's prohibition of "cruel and unusual punishments" on November 21, 2007.  In his verified complaint, Plaintiff avers he required a

special diet and medicine for his medical problem. [Record No. 2, p. 5]. Plaintiff avers that the jail, in response to his needs, fed him a diet consisting of Jell-O, Ensure and oranges while he was incarcerated at the Lincoln County Regional Jail. *Id.* at p. 4. Plaintiff further states that the jail filed to properly administer his medicine. *Id.* at p. 5. Plaintiff avers the inadequate amount of calories that he could consume and the improper administration of medication resulted in him losing almost 70 pounds during the ten months he spent at the facility. *Id.*

After dismissal due to certain averments in the complaint falling outside the statute of limitations, the Court altered its initial judgment. [Record No. 10]; [Record No. 12]. Thus, the Court allowed review of Ward's claims that occurred between November 22, 2006, and December 28, 2006, which the Court concluded fell outside the statute of limitations bar. [Record No. 12]. In light of this Court's earlier orders dismissing most of Plaintiff's claims against the original Defendants for various reasons, the only issues remaining for this Court to consider at this time are Plaintiff's claims against David Gooch, Jailer of the Lincoln County Regional Jail, "Nurse Brown," and "Deputy Will Falconberry," in their individual capacities.

Defendants admit that medical records "demonstrate a complicated medical history of long standing," which predated Plaintiff's incarceration at the Lincoln County Regional Jail.

[Record No. 106-1]. Indeed, medical records submitted by the Plaintiff indicate Doctor Naren James noted that Plaintiff suffered from gastroparesis.[1] [Record No. 85-5, p. 2]. According to these records, Doctor James prescribed various medications for Plaintiff's gastrointestinal issues and pain management, eventually putting Plaintiff on a "non-fat solid diet" in October 2006. *Id.* at p. 1-3, 5-7.

Head Kitchen Deputy Jimmy Wayne stated he was advised that Plaintiff could only eat a "nonfat solid diet" which Plaintiff told him meant "he could eat soft foods like Jell-O, puddings and broths." [Record No. 106-3, paras. 2,3]. He further stated that the jail purchased these foods specifically for Plaintiff as well as the dietary supplement Ensure. *Id.* at paras. 4,5. Wayne also stated that Plaintiff obtained food from the canteen and never informed him that he was receiving inadequate nutrition. *Id.* at paras. 6,7. Nurse Barthenia Brown stated she recalls Wayne taking steps to provide food for Plaintiff, specifically purchasing Ensure. [Record No. 106-4, para. 5]. Brown also stated that she organized the medications for each inmate and, while prescriptions would occasionally run out, she does not remember this being a problem for the plaintiff. *Id.* at para. 3.

Plaintiff, however, lost sixty-eight pounds in the ten months

---

[1] Gastroparesis is paralysis of the stomach. Dorland's Illustrated Medical Dictionary 682 (28th ed. 1994).

that he spent at the Lincoln County Regional Jail. [Record No. 2, p. 5]; [Record No. 106-1, p. 1]. Plaintiff stated Defendants gave him a diet containing 200 calories to 700 calories a day consisting of Jell-O, Ensure and oranges during his time in the Lincoln county Regional Jail. [Record No. 2 at p. 4]. Plaintiff further stated that he would get sick and vomit when presented the normal food offered by the jail. *Id.* Plaintiff also avers in his verified complaint that Defendants failed to give him the proper medication required for his gastrointestinal issues. *Id.* at p. 5.

Plaintiff has further submitted, in support of his response to Defendants' motion, "Medical Administration Records" which detail the administration of his medication for at least one week of the time he spent in the Lincoln County Regional Jail not barred by the statute of limitations. [Record No. 124-1, p. 20]. This record shows that the jail failed to record proper administration of Plaintiff's prescribed medications for more than half of Plaintiff's scheduled doses. *Id.* Defendants do not dispute the gaps in the "Medication Administration Records" but argue that pharmacy invoices are more indicative of the medication Plaintiff received at the Lincoln County Regional Jail. [Record No. 106-1, p. 3].

Furthermore, Nurse Barthenia Brown admitted in her affidavit that the records appear to be incomplete. [Record No. 106-4, para. 2]. This Court has previously addressed the issue of alleged

4

incomplete discovery. On April 19, 2010, Magistrate Judge Robert E. Weir denied without prejudice Plaintiff's motion to argue about allegedly missing discovery as Plaintiff had not presented any substantive argument or relief request. [Record No. 121]. Judge Weir, however, stated Plaintiff could later elect to submit a motion supported by law. *Id.* Plaintiff has filed no further motions regarding these requests though he raises the issue again arguing Defendants have engaged in spoliation of the evidence. [Record No. 124, p. 2]("They delivery [sic] lost the medication administration on purpose because they new [sic] the messing [sic] records would help support the Plaintiff [sic] claim about his medical care . . . .").

## II.  APPLICABLE STANDARD OF REVIEW

The standard for summary judgment mirrors the standard for directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the

court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248; *Summers*, 368 F.3d 881, 885 (6th Cir. 2004).

The judge's function is not to weigh the evidence, but to decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249; *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson*, 477 U.S. at 255; *Summers v. Leis*, 368 F.3d at 885.

**III. DISCUSSION**

    **A. Defendants have not shown Plaintiff failed to exhaust his administrative remedies before bringing this lawsuit.**

The Prison Litigation Reform Act of 1995 ("PLRA") "requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing 28 U.S.C.

§1915A; 42 U.S.C. § 1997e(a)). While a prisoner must make this showing, he does not need to plead it for his complaint to survive. *Id.* at 217. Rather, Defendants must assert it as an affirmative defense which Defendants must raise in a motion or pleading and then prove. *Id.* at 216; Fed. R. Civ. P. 8, 12; *See also Kramer v. Wilkinson*, 226 F. App'x 461 (6th Cir. 2007)(unpublished decision)(reversing the district court's dismissal for failure to exhaust administrative remedies of a prisoner *pro se* complaint after finding prison staff had not met their burden). This Court, however, cannot presume to know the procedures required of the prisoner to exhaust administrative remedies since the procedural rules a prisoner must complete under the PLRA "are defined not by the PLRA, but by the grievance process itself." *Bock*, 549 U.S. at 218. Thus, this Court will only grant a defendants' summary judgment motion upon a proper showing by Defendants that a grievance containing allegations similar to those averred in Plaintiff's complaint does not exist. In the alternative, this Court will grant defendants' motion if the defendants prove 1) the grievance procedure in place at the time of the alleged conduct and 2) how Plaintiff failed to comply completely with the grievance procedure. *Cf. Hinton v. Corr. Corp. of Am.*, 623 F. Supp. 2d 61, 62-63 (D.D.C. 2009) (granting summary judgment to defendants for plaintiff's failure to exhaust proven by a sworn statement outlining the lack of a grievance relevant to the complaint as well

as the grievance procedures and the lack of compliance with those procedures).

Defendants raised the exhaustion of remedies defense to Plaintiff's claims in their Answers and, most recently, in their Reply. [Record No. 29, para. 2]; [Record No. 81, para. 2]; [Record No. 126, p. 2, 7]. While this Court originally ordered Plaintiff to produce evidence of his exhaustion of the proper administrative process [Record No. 12, p. 5-6], it later recognized Defendants' duty to show Plaintiff's failure to exhaust his remedies in light of *Jones v. Bock*. [Record No. 21, p. 5]. As a result, the Court ordered "the individually named defendants to respond to the plaintiff's claims, and if pertinent, the issue of exhaustion." [Record No. 21, p. 5].

This Court finds that Defendants have not met their burden of showing that Plaintiff has failed to exhaust all administrative remedies prior to this action for purposes of summary judgment. Plaintiff has stated in his statement of claim(s) from his verified complaint[2] that he filed "grievance forms after grievance forms."

_____

[2] A prisoner *pro se's* verified complaint will carry "the same weight as would an affidavit for purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th cir. 2008); *accord ACLU of Ky. v. Grayson County, Ky.*, 591 F.3d 837, 844 (6th Cir. 2010); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Thus, if the prisoner signs below a statement declaring "under penalty of perjury that the foregoing statements [are] true and correct," this court will consider the signature to serve as a sworn affidavit. *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). In his complaint form, the prisoner signed and dated the section named Declaration Under Penalty of Perjury directly below the statement:

[Record No. 2, p. 4].  Plaintiff has also submitted evidence of at least an inquiry into the possibility of filing a grievance and a partially filled out grievance form. [Record No. 18-2].  While not admitting the grievances exist, the jail noted Plaintiff's "file has been archived and will have to be retrieved from our archive facility where records are stored." [Record No. 17-2, at p. 5]. They offer nothing more.  Thus, taking the evidence in the light most favorable to the nonmoving party, this Court finds a reasonable jury could find Plaintiff exhausted his administrative remedies and shall deny Defendants' Motion for Summary Judgment on the basis of failure to exhaust as required by the PLRA.

**B.  Plaintiff must show deliberate indifference by Defendants to show an Eighth Amendment violation.**

The Sixth Circuit holds "that the legal standard for asserting an Eighth Amendment claim regarding medical care for prisoners is 'deliberate indifference.'"  *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).  The United States Supreme Court has held Plaintiffs must meet a two-prong test that contains both an objective and subjective component to show deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  As to the objective portion, "the deprivation alleged must

---

"I, the undersigned, declare under penalty of perjury that the information contained in the document is true and correct." [Record No. 2, p. 6].  This Court, therefore, will consider the statement of claim(s) as an affidavit submitted by the Plaintiff into the record.

be, objectively 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  The Plaintiff must then show that the prison official had a "sufficiently culpable state of mind." *Id.* (quoting *Wilson*, 501 U.S. at 297).  Thus, Plaintiff must prove both the objective and subjective part of the deliberate indifference test to show Defendants violated his constitutional right of protection from the infliction of "cruel and unusual punishments." U.S. Const. amend VIII.

### 1. Plaintiff must show conduct that shocks the conscience and does not need to show verifying medical evidence to meet the objective standard.

Defendants argue this Court should require Plaintiff to "present . . . 'verifying medical evidence' establishing that any act or omission [they committed] caused him serious injury" to establish the deprivation as sufficiently serious.  [Record No. 106-1, at p. 6] (quoting *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).  The Sixth Circuit, however, applies the "verifying medical evidence" requirement only "where the plaintiff's 'deliberate indifference' claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004)(citing *Napier*, 238 F.3d at 742).  On the other side, Plaintiff argues the court should apply the principles stated by the Supreme Court in recognizing the Court had previously "held

10

that *the denial* of medical care is *cruel* and *unusual* because, in the worst case, it can result in physical torture, and even in less serious cases, it can result in pain without any penological purpose." [Record No. 107, at p.6](emphasis in original)(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).[3]

This Court agrees with the plaintiff that the averments made by the plaintiff allege a denial of medical care and will not require Plaintiff to provide verifying medical evidence to meet the objective part of the "deliberate indifference" test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); [Record No. 8, paras. 7, 8, 9A.B]. Plaintiff does not argue that delaying the delivery of a dose of medication or delaying adequate nutrition caused substantial harm but rather that he never received them at all due to the incompetence of jail officials. *Compare Napier*, 238 F.3d at 742-43 (requiring "verifiable medical evidence" to show jail's failure to allow prisoner's regularly scheduled dialysis treatment

---

[3] This passage comes as part of Plaintiff's four page handwritten quotation from various passages of the Supreme Court's decision in *Rhodes v. Chapman*. [Record No. 107, p.6] (quoting *Rhodes v. Chapman*, 452 U.S. 337 (1981) (various sections)). While not the most artful of responses, this Court recognizes Plaintiffs' response as articulating what he believes to serve as the basis for his claim. In particular, Plaintiff's underlining of the words "the denial" and "cruel" and "unusual" indicate what Plaintiff argues is the basis of his claim. [Record No. 107, p. 6](citing *Rhodes*, 452 U.S. at 347). Furthermore, this Court finds the pleading to fit within the "less stringent standards" required of a *pro se* prisoner. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, this Court will recognize Plaintiffs argument that *Rhodes v. Chapman* provides guidance as to determining the proper standard in his case.

amounted to "deliberate indifference") *with Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 846 (6th Cir. 2002) (not requiring "verifiable medical evidence" to show nurse's failure to equip the ward "with proper medical equipment ... [and] immediately seek medical assistance" amounted to deliberate indifference). Furthermore, Plaintiff's loss of seventy pounds over a ten month period does not present an "affliction [that] is seemingly minor or non-obvious." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004)(citation omitted). This Court, therefore, will use the standard laid out by the Sixth Circuit in *Terrance v. Northville Reg'l Psychiatric Hosp.* to determine whether the denial of proper medical treatment, as argued by the Plaintiff, violated his constitutional rights. 286 F.3d at 842-44.

In determining when simple medical malpractice becomes a violation of a prisoner's constitutional rights, the Sixth Circuit asks whether a reasonable doctor would believe the "medical treatment [is] 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)). Thus, a showing that "a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). It is under this framework that the Court will determine if Plaintiff's

12

constitutional rights were objectively violated through inadequate nutrition and/or improper administration of medication by Defendants.

> **a.** **Plaintiff has raised a genuine issue of material fact as to the inadequate nutrition claim.**

With regard to Plaintiff's averments that he received inadequate nutrition while at the Lincoln County Regional Jail, this Court finds the Plaintiff has raised a genuine issue of material fact that the deprivation was "objectively 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). The Sixth Circuit has held that "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment." *Cunningham v. Jones* (*Cunningham I*), 567 F.2d 653, 656 (6th Cir. 1977). District courts have since held this to require only that prison officials "provide inmates with a diet that is nutritionally adequate for the maintenance of normal health." *Curry v. Bobby*, No. 4:09-cv-614, 2010 U.S. Dist. LEXIS 28290, at *14 (N.D. Ohio 2010); *accord Adams v. Prunick*, No. 2:08-cv-156, 2010 U.S. Dist. LEXIS 62887 (W.D. Mich. 2010); *Williams v. Curtin*, No. 1:10-cv-364, 2010 U.S. Dist. LEXIS 42961 (W.D. Mich. 2010).

Plaintiff avers in his statement of claim(s) from his original verified complaint that the jail denied him proper food and medicine and that his weight went from 233 pounds to 165 pounds as

a result of the diet provided by the jail. [Record No. 2, p. 5].[4]

Plaintiff also avers in his verified complaint that Defendants gave him a diet of Jell-O, Ensure and oranges for almost a year amounting to anywhere between 200 calories and 700 calories a day while incarcerated at the Lincoln County Regional Jail. *Id.* at p. 4.[5]

Defendants have submitted affidavits from former Lincoln County Regional Jail Nurse Barthenia Brown and Head Kitchen Deputy Jamie Wayne. [Record No. 106-3]; [Record No. 106-4]. Wayne stated

---

[4] For reasons previously discussed in this opinion, the Court will consider the statement of claim(s) in Plaintiff's verified complaint to carry "the same weight as would an affidavit for purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th cir. 2008); *see supra* note 2.

[5] While Plaintiff's statements concern some matters time-barred by the statute of limitations, Plaintiff avers that this lack of nutrition and medication continued throughout the time not time-barred by the statute of limitations. Therefore, they are relevant to the conduct averred by the Plaintiff in his complaint that has not been time-barred in that they show a pattern of behavior exhibited by the defendants and the effects of not receiving adequate nutrition or medication during his time at the Lincoln County Regional Jail. Furthermore, the probative value of this evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. As a result, this Court will consider this relevant evidence in deciding this motion.
Furthermore, Plaintiff has also submitted a personal diary of food served while at the Lincoln County Regional Jail. This, however, fits the classic hearsay definition of an out-of-court statement offered into evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Furthermore, no exceptions to the hearsay rule currently apply to this piece of evidence, and this Court will not consider it for purposes of summary judgment.

that Plaintiff told him "he could eat soft foods like Jell-O, puddings and broths" which the jail bought specifically for him and that "[i]nmate Ward never indicated to me that he was not receiving adequate nutrition." [Record No. 106-3, para. 3, 4, 7]. He also stated that he made sure the jail maintained adequate amounts of the dietary supplement Ensure and that he "placed Ensure in the cooler so Inmate Ward could get them anytime he asked for them." Wayne further stated Ward picked up food from the canteen. [Record No. 106-3, para. 5, 6]. Finally, Brown stated she recalls that Wayne accommodated the Plaintiff's dietary needs and that she "specifically recall[s] seeing Ensure being obtained for Mr. Ward." [Record No. 106-4, para. 5]. Defendants also argue that Dr. Naren James saw Plaintiff during the time in question and observed his general appearance as a "[t]hin male, well hydrated, [with] no acute distress." [Record No. 106-1]; [Record 85-4, p. 1, 4].

Recently, the Middle District of Tennessee held that a jail had not provided "adequate food and nutrition" to certain prisoners, as they were constitutionally entitled to receive, based on the following factors: 1) the weight loss of its prisoners, 2) inadequate offerings of food by the jail, and 3) a lack of institutional oversight as to the amount of food served by the jail to its inmates. *United States v. Williams*, No. 3:09-00090, 2009 U.S. Dist. LEXIS 121103 (M.D. Tenn. 2009). In this case, the weight loss seen as indicative of constitutionally inadequate

15

nutrition by the Middle District of Tennessee was far less drastic than that averred by the Plaintiff in his verified complaint. *Id.* at *7 ("Inmate Stone has lost approximately 100 pounds in the 19 months he has been incarcerated at RCDF, and Inmate Mayes has lost approximately 38 pounds in the eight months he has been at the jail."). As to the other factors, the Sixth Circuit has held that once an inmate establishes "a substantial deprivation of jail food normally served," the burden of proof shifts to the defendants to prove that the jail provided adequate nutrition since "such knowledge [of that nutrition] is particularly within their possession." *Cunningham I*, 567 F.2d at 660 (requiring Defendants show inmate received an adequate amount of calories after it was shown that Defendants took away two meals a day for fifteen days).

Taking the evidence in a light most favorable to the nonmoving party, this Court finds a reasonable jury could find Plaintiff's loss of nearly seventy pounds in ten months and his statements as to the food he received while at the Lincoln County Regional Jail are indicative of a "substantial deprivation" of food. *Id.* In addition, Defendants have produced no evidence that Plaintiff received more than the 200-700 calories a day, as stated by the Plaintiff in his verified complaint, nor have the Defendants explained how Plaintiff lost sixty-eight pounds over a ten month period. [Record No. 2, p. 4]; [Record No. 8, para. 1.B.-E.]; [Record No. 106-1, p. 1]. While Wayne has submitted a sample menu

from the jail, Defendants have offered no proof of what the jail actually fed the Plaintiff on a daily basis other than statements that Ensure was available anytime he asked for it and that the jail purchased broths, pudding and Jell-O especially for him. [Record No. 106-3, paras. 4, 5].

This Court, therefore, holds that Plaintiff has shown through statements in his verified complaint and his undisputed weight loss that a "reasonable jury could return a verdict for the [Plaintiff]" as to his claim that the inadequate nutrition received while at the Lincoln County Regional Jail rises to the level of being "objectively, 'sufficiently serious.'" *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 255 (1986); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(citation omitted). This Court, therefore, will deny Defendants David Gooch and "Nurse Brown's" summary judgment motion in this respect. *Anderson,* 477 U.S. at 248; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). Plaintiff, however, has not raised any genuine issues of material fact as to "Deputy Will Falconberry's" involvement in any failure to provide Plaintiff with adequate nutrition. This Court, therefore, shall grant Defendants' Motion for Summary Judgment as to "Deputy Will Falconberry" for any allegations of inadequate nutrition provided to Plaintiff.

> **b.    Plaintiff has raised a genuine issue of material fact as to Defendants' failure to properly administer medication to Plaintiff.**

This Court also finds that Plaintiff has met his burden of

17

showing there exists a question of fact with respect to the medication he did and did not receive while in the jail. Plaintiff stated in his verified complaint that the jail's failure to properly provide him medication for his medical problem coupled with the poor diet led to the extreme weight loss discussed above.[6] [Record No. 2]. In his response, Plaintiff also submitted "Medication Administration Records." [Record No. 124-1]. These records show that between November 22, 2006 and November 28, 2006, the time not barred by the statute of limitations, the jail should have administered drugs to the Plaintiff on seventy different occasions. [Record No. 124-1, p. 20]. On thirty-nine different occasions, or more than 55% of the time, Defendants failed to record this administration. *Id.* Former Lincoln County Regional Jail Nurse Barthenia Brown stated prescriptions would occasionally run out but that she did not remember this being a problem with Mr. Ward. [Record No. 106-4, para. 3].

Plaintiff has also not received the "Medication Administration Records" from November 29, 2006 to December 28, 2006, the remainder of the period he spent at the Lincoln County Regional Jail not barred by the statute of limitations. Plaintiff argues Defendants have lost those records intentionally to hinder his case. While

---

[6] For reasons previously discussed in this opinion, the Court will consider the statement of claim(s) in Plaintiff's verified complaint to carry "the same weight as would an affidavit for purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th cir. 2008); *see supra* note 2.

this Court reserves the right to issue sanctions under Federal
Rules of Civil Procedure Rule 37(b)(2) for potential spoliation
issues arising from the missing "Medication Administration
Records," it need not consider it for purposes of determining
whether Plaintiff has met the burden required to defeat Defendants'
summary judgment motion.  Plaintiff has shown for at least one week
of the period not barred by the statute of limitations that the
jail does not have any record of administering proper amounts of
his medication throughout his time there.  [Record No. 124-1, p.
20].  While Brown stated in her affidavit that Plaintiff did not
raise any complaints regarding his medication, she does not dispute
the gaps in the records.  [Record 106-4, paras. 2, 4].[7]

Further, the failure to properly give Plaintiff his medication
and the resulting weight loss that occurred, as stated in his
verified complaint, would certainly "shock the conscience" of the
reasonable doctor as required to meet the objective part of the
test used to show an Eighth Amendment violation.  *Terrance v.*

---

[7] Brown makes other statements describing the gaps as what she
**believe[s]** . . . to be merely a record keeping/storage issue"
further asserting that she **believe[s]** [pharmacy invoices presented
into the record] to be representative of the medications which were
in fact provided to Mr. Ward."  [Record No. 106-4, paras.
2,3](emphasis added).  Federal Rules of Civil Procedure Rule 56,
however, requires that affidavits in support of motions for summary
judgment "must be made on personal knowledge."  Fed. R. Civ. P.
56(e)(1).  Thus, this Court will not consider statements made on
"beliefs" as the Sixth Circuit has held these do "not demonstrate
the personal knowledge required by Fed. R. Civ. P. 56(e)."  *Alpert
v. United States*, 481 F.3d 404, 409 (6th Cir. 2007).

*Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002) (citation omitted). Furthermore, taking the evidence currently before the court in a light most favorable to the non-moving party, "a reasonable jury could return a verdict for the [Plaintiff]" as to Defendants' deliberate indifference regarding the administration of Plaintiff's medication causing an "objective 'sufficiently serious'" deprivation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 255 (1986); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(citation omitted). This Court, therefore, will not grant Defendants Gooch and "Nurse Brown's" summary judgment motion based on Plaintiff's failure to proffer sufficient evidence to meet the objective part of the deliberate indifference test as to the improper administration of medication. *Anderson,* 477 U.S. at 248; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). Plaintiff, however, has not raised any genuine issues of material fact as to "Deputy Will Falconberry's" involvement in Plaintiff's failure to receive medication. This Court, therefore, shall grant Defendants' Motion for Summary Judgment as to "Deputy Will Falconberry" for any issues involving the improper administration of medication to the Plaintiff.

> **2. Plaintiff has raised a genuine issue of material fact as to the culpability of Defendants "Nurse Brown" and Gooch's state of mind.**

As the Plaintiff has raised a genuine issue of material fact with respect to whether Defendants' failure to supply the Plaintiff

with adequate nutrition and Defendants' failure to properly administer prescribed drugs created an "objective, 'sufficiently serious'" deprivation, the court will now consider whether Plaintiff's claims can survive summary judgment in regard to the subjective portion of the test. U.S. Const. amend. VIII; *Farmer*, 511 U.S. at 834. The Supreme Court has held the subjective portion of the deliberate indifference test to raise a question of fact as to the culpability of defendant's state of mind. *Farmer*, 511 U.S. at 842. While the Plaintiff need not show "evidence of conscious intent to inflict pain," he "must demonstrate deliberateness tantamount to punish." *Horn* ex rel. *Parks v. Madison County Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). Thus, the Plaintiff must show prison officials had knowledge, actual or constructive, of a substantial risk and that those prison officials disregarded that risk. *Farmer*, 511 U.S. at 834; *see also Johnson II v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005). Circumstantial evidence can raise the inference that prison officials had knowledge, particularly when that risk was obvious. *Farmer*, 511 U.S. at 834.

> **a. Plaintiff has presented a genuine issue of material fact regarding Defendants' knowledge of the substantial risk of inadequate nutrition.**

This Court finds that Plaintiff has raised genuine issues of material fact with respect to Defendants Gooch and "Nurse Brown's"

knowledge of whether Plaintiff received adequate nutrition from the jail. Brown stated in her affidavit that she was aware that Plaintiff complained about the food available at the jail. [Record No. 106-4, para. 5]. Wayne also stated that he was advised that Plaintiff could only have a "nonfat solid diet" and that Plaintiff never complained about not receiving adequate nutrition. [Record No. 106-3, paras. 2, 7]. In addition, Defendants admit in their motion that "Mr. Ward informed the Jail that he could only tolerate certain types of foods and liquids, and in fact had significant digestive difficulties." [Record No. 106-1, p.4]. Furthermore, no one disputes the significant weight loss that Plaintiff experienced while in the Lincoln County Regional Jail. [Record No. 106-1, p. 4]; [Record No. 2, p.5]. Thus, a reasonable jury could infer that Defendants had reason to know of the risks involved through Defendants' statements and by witnessing Plaintiff lose almost seventy pounds in ten months, which might have resulted from a failure to provide adequate nutrition. Therefore, this Court finds Plaintiff has raised a genuine issue of material fact regarding Defendants' knowledge of the substantial risks associated with Plaintiff's inadequate nutrition.

> **b.   Plaintiff has presented a genuine issue of material fact regarding Defendants' knowledge of the substantial risk of improper administration of medication.**

This Court also finds Plaintiff has made a showing that raises genuine issues of material fact as to Defendants Gooch and "Nurse

Brown's" knowledge about the risks involved with Plaintiff not receiving proper medication. Plaintiff submitted a "Medication Administration Record" covering one week of the period not barred by the statute of limitations in support of his response to Defendant's summary judgment motion. [Record No. 124-1, p. 20]. As stated previously, the record shows multiple occasions where the jail failed to record the proper administration of Plaintiff's medication. *Id.* Markings also appear on the left hand side of the "Medical Administration Record" noting the medication and the proper dosage to be given to the Plaintiff. *Id.* Furthermore, multiple initials acknowledge the various days in which medication was apparently administered in the record. *Id.* Lastly, no one has asserted, based on personal knowledge, that medication was administered at any other time.[8]

Thus, jail officials knew the proper amounts Plaintiff should have received on a daily basis and acknowledged administering the drugs far less than required by their own records. Furthermore, those administering the medication would have noticed this repeated

_____

[8] The closest Defendants come to disputing this arises from Brown's statement in her affidavit that prescriptions would occasionally run out but that she does not recall this being a problem with Mr. Brown. [Record No. 106-4, para. 3]. This statement, however, does not go to the delivery of the medication to Plaintiff. Furthermore, the Court will not consider Brown's attempted categorization of the failure to log delivery of the medication to Plaintiff as a "record keeping/storage issue" as evidence in support of Defendants' summary judgment motion since it is not based on personal knowledge. *See supra* note 7.

omission on a daily basis when they filled in the record for the following day. Finally, this Court holds that the circumstantial evidence of Plaintiff's substantial weight loss can raise an inference that Defendants knew about the risks associated with the improper administration of medication as Defendants would have obviously noticed the drastic change in Plaintiff's overall appearance. Therefore, as a reasonable jury could find that Defendants knew about the risks associated with the failure to provide medication as prescribed by a doctor to the Plaintiff, this Court finds that Plaintiff has raised a genuine issue of material fact as to Defendants' knowledge of the substantial risks of Plaintiff's receipt of improper dosages of medication.

> **c. Plaintiff has raised a genuine issue of material fact as to Defendants' disregarding of the known substantial risks.**

Finally, this Court finds Plaintiff has raised a genuine issue of material fact as to Defendants Gooch and "Nurse Brown's" disregard of the known substantial risks to the Plaintiff. Defendants controlled the system that would have provided adequate nutrition to the Plaintiff and the system that would have properly administered medication to the Plaintiff. A reasonable jury could conclude, however, that Defendants chose to disregard these issues, even while Plaintiff lost a substantial amount of weight as a result of not receiving proper medication for his gastrointestinal issues and not receiving sufficient calories to provide for his nutritional needs. Defendants have not shown they took proper

steps to remedy the situation or addressed it at all.  As a result,

Plaintiff has shown that a reasonable jury could find that

Defendants knew about the substantial risk to the Plaintiff and

disregarded that risk as required to show a violation under the

Eighth Amendment's prohibition against "cruel and unusual

punishments."  U.S. Const. amend. VIII.  This court, therefore,

shall deny Defendants Gooch or "Nurse Brown's" Motion for Summary

Judgment on the basis that Plaintiff has not raised a genuine issue

of material fact as to the culpability of Defendants' state of

mind.

**C.    Plaintiff has not raised a genuine issue of material fact as to claims of excessive force applied by "Deputy Will Falconberry"**

Defendants next argue that Plaintiff's claim for use of

excessive force must fail.  Plaintiff avers in his amended

complaint supplement that psychological and mental abuse occurred

between October 2006 and December 2006 by a deputy, later

identified as "Deputy Will Falconberry," which would later lead the

Plaintiff to attempt suicide.[9]  [Record No. 8, para. 10.B.];

[Record No. 80]  Plaintiff, however, has failed to state facts in

his verified complaint, or any other sworn document, pertaining to

this alleged abuse other than a conclusory statement that he was

threatened by the deputy. [Record No. 2, p. 5].

---

[9] All claims involving incidents before November 22, 2006 remain barred by the statute of limitations and the Court will only consider potential claims that fall after that date.  [Record No. 12].

Thus, assuming that said allegation is not barred by the statute of limitations, Plaintiff has not averred any action which would rise to the level of an excessive force claim against Defendant "Deputy Will Falconberry." To show excessive force, Plaintiff must prove "Deputy Will Falconberry" applied force in an effort to "maliciously and sadistically cause harm." *Wilkins v. Officer Gaddy*, 130 S.Ct. 1175, 1178 (2010). In this case, however, Plaintiff has not established any such attempt on the part of the defendant. Thus, Plaintiff has failed to raise a genuine issue of material fact regarding any claim of excessive force applied by Defendant and this Court shall grant "Deputy Will Falconberry's" Motion for Summary Judgment as to Plaintiff's claims of excessive force.

### IV. CONCLUSION

In conclusion, this Court finds that Plaintiff has raised a genuine issue of material fact as to the objective and subjective tests required by *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), in order to show violations of Plaintiff's Eighth Amendment rights by Defendants David Gooch and "Nurse Brown's" deliberate indifference as to Plaintiff's claims of inadequate nutrition and improper administration of medication. Plaintiff, however, has failed to raise any genuine issue of material fact as to all claims against Defendant "Deputy Will Falconberry."

Accordingly, **IT IS ORDERED:**

(1) that Defendants David Gooch and "Nurse Brown's" Motion for Summary Judgment [Record No. 106] is **DENIED**, as set forth above; and

(2) that Defendant "Deputy Will Falconberry's" Motion for Summary Judgment [Record No. 106] is **GRANTED**, as set forth above.

This the 5th day of November, 2010.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge